T.C. Memo. 2004-51


UNITED STATES TAX COURT


MELECA VULIC, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 14859-02.                    Filed March 8, 2004.


Meleca Vulic, pro se.

Thomas D. Yang, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION


HAINES, Judge:  Respondent determined a deficiency of $8,117

and an accuracy-related penalty under section 6662(a)[1] of $1,623

in petitioner's Federal income tax for 2000 (year in issue).  The

issues for decision are:  (1) Whether petitioner is liable for a

_____

    [1]  Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for the year in issue.
Amounts are rounded to the nearest dollar.

10-percent additional tax on an early distribution from a qualified retirement plan pursuant to section 72(t); and (2) whether petitioner is liable for the accuracy-related penalty under section 6662(a).

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time she filed the petition, petitioner resided in Chicago, Illinois.

On February 4, 2000, petitioner received a lump-sum distribution from Aramark Corporation's retirement savings plan of $81,169. Petitioner used the distribution to refinance her house, pay for her son's wedding, and make payments on her credit cards.

Petitioner's 2000 Federal income tax return (tax return) was prepared by a professional tax preparer. On her 2000 tax return, the distribution of $81,169 was reported as taxable income, but no amount was reported on the line for "Tax on IRAs, other retirement plans, and MSAs."

On July 3, 2002, respondent sent petitioner a notice of deficiency for 2000. Respondent increased petitioner's computed tax by an additional 10-percent tax on the premature distribution received by petitioner from Aramark Corporation's retirement

savings plan.  Further, respondent imposed an accuracy-related penalty due to substantial understatement of tax.

On September 18, 2002, petitioner filed a petition with the Court disputing the notice of deficiency.

OPINION

Section 72(t) Additional Tax

Section 72(t) imposes a 10-percent additional tax on early distributions from qualified retirement plans.  There were no disputes about the timing of the distribution or whether Aramark Corporation's retirement savings plan is a "qualified retirement plan" for purposes of section 72(t).  Rather, petitioner argues that she was forced to withdraw the distribution because of economic hardship and to save her residence from foreclosure, and, therefore, should not be liable for the additional tax imposed by respondent.

The 10-percent additional tax does not apply to certain distributions from qualified retirement plans.  See sec. 72(t)(2).  Petitioner testified, and we have found, that she used the distribution to refinance her house, to pay for her son's wedding, and to make payments on her credit cards.  The evidence shows that none of the exceptions set forth in section 72(t)(2) apply in this case.[2]  We conclude that the early distribution

_____

[2]  The parties do not contend that sec. 7491(a) is
                                        (continued...)

made by petitioner is subject to the additional 10-percent tax under section 72(t)(1).

## Accuracy-Related Penalty

In the notice of deficiency, respondent imposed an accuracy-related penalty due to substantial understatement of tax under section 6662(a).

Section 6662(a) imposes a penalty in the amount of 20 percent on the portion of the underpayment to which the section applies. As relevant to this case, the penalty applies to any portion of the underpayment that is attributable to any substantial understatement of income tax. Sec. 6662(b)(2). There is a "substantial understatement of income tax" if the amount of the understatement exceeds 10 percent of the tax required to be shown on the tax return or $5,000. Sec. 6662(d)(1).

Section 7491(c) requires the Commissioner to carry the burden of production because he seeks to impose the penalty. Higbee v. Commissioner, 116 T.C. 438, 446 (2001). Once the

---

[2](...continued) applicable to this case. The resolution of this issue does not depend on which party has the burden of proof.

Further, we note that petitioner did not argue, and we do not conclude, in any event, that petitioner used the distribution for a first home purchase, as defined by sec. 72(t)(2)(F).

burden of production is met, the taxpayer must come forward with sufficient evidence that the penalty does not apply.  Id. at 447.

Petitioner reported a tax liability of $16,854 on her 2000 tax return.  Respondent determined that petitioner's corrected tax liability was $24,971.  The difference is fully attributable to petitioner's omission of the additional tax under section 72(t) of $8,117.  Respondent has satisfied his burden by showing that the understatement of tax exceeds the greater of 10 percent of the tax required to be shown on the return or $5,000.

The accuracy-related penalty is not imposed, however, with respect to any portion of the understatement if petitioner can establish that she acted with reasonable cause and in good faith. Sec. 6664(c)(1).  The decision as to whether the taxpayer acted with reasonable cause and in good faith depends upon all the pertinent facts and circumstances.  Sec. 1.6664-4(b)(1), Income Tax Regs.  Circumstances that may indicate that a taxpayer acted with reasonable cause and in good faith include "an honest misunderstanding of fact or law that is reasonable in light of all of the facts and circumstances, including the experience, knowledge, and education of the taxpayer."  Id.

It is clear to the Court that petitioner is unsophisticated as to tax matters.  After providing her tax preparer with her tax information, she relied reasonably and in good faith on the tax preparer to prepare an accurate tax return.  We conclude that

petitioner acted with reasonable cause and good faith as to the underpayment resulting from the additional tax in issue. Accordingly, we hold that petitioner is not liable for the accuracy-related penalty pursuant to section 6662(a).

We have considered all of petitioner's contentions, arguments and requests that are not discussed herein, and conclude that they are without merit or irrelevant.

To reflect the foregoing,

<u>An appropriate decision</u>

<u>will be entered</u>.