T.C. Summary Opinion 2005-99



UNITED STATES TAX COURT


DONALD MARION AND BETHANY DIANE FENTON, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 1588-04S.                Filed July 21, 2005.


Donald Marion and Bethany Diane Fenton, pro sese.

David S. Weiner, for respondent.


DEAN, Special Trial Judge:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code. Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the year in issue.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined a deficiency in petitioners' Federal income tax of $6,858 for 2001.

The issue for decision is whether petitioners are liable for the 10-percent additional tax on early distributions pursuant to section 72(t).

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the exhibits received into evidence are incorporated herein by reference. Petitioners resided in Clarkston, Michigan, at the time the petition was filed.

During 2001, Donald Marion Fenton (petitioner) was an automotive engineer with the IBM Corporation, and Bethany Diane Fenton was a homemaker. Petitioners timely filed their 2001 Federal income tax return.

In late 2001, after petitioner was laid off from IBM, he received two distributions from the IBM Corporation 401(k) Plan in the total amount of $68,583. The 401(k) plan is a retirement plan qualified under section 401(a). Petitioners reported the distributions from the 401(k) plan as income on their 2001 return. Petitioners did not compute the 10-percent additional tax due on early distributions from qualified retirement plans.

Petitioner used the funds to pay family expenses, including the downpayment on a home and college tuition for his daughter. Petitioner also used the funds to pay family support expenses,

medical expenses, and mortgage payments to avoid foreclosure. In 2001, petitioner had not yet reached the age of 59-1/2 years.

Respondent issued a notice of deficiency for 2001 determining a deficiency of $6,858. This amount represents a 10-percent additional tax on the early 401(k) plan distributions pursuant to section 72(t).

## Discussion

Section 72(t)(1) generally imposes a 10-percent additional tax on early distributions from "a qualified retirement plan (as defined in section 4974(c))," unless the distributions come within one of several statutory exceptions. The parties do not dispute that petitioner's account was a qualified employee retirement plan. Therefore, in order for petitioner to prevail, he must show that the distributions fall under one of the exceptions under section 72(t)(2).

With respect to section 72(t), this Court has repeatedly held that it is bound by the statutory exceptions enumerated in section 72(t)(2). See, e.g., Arnold v. Commissioner, 111 T.C. 250, 255-256 (1998); Schoof v. Commissioner, 110 T.C. 1, 11 (1998).

The exceptions that may be relevant to the case at hand are found in section 72(t)(2)(B) and section 72(t)(2)(E).[1]  Section 72(t)(2)(B) provides that the following distributions are not subject to the additional tax:

> (B) Medical expenses.--Distributions made to the employee * * * to the extent such distributions do not exceed the amount allowable as a deduction under section 213 to the employee for amounts paid during the taxable year for medical care (determined without regard to whether the employee itemizes deductions for such taxable year).

The deduction allowed under section 213(a) is for "the expenses paid during the taxable year, * * * for medical care * * * to the extent that such expenses exceed 7.5 percent of adjusted gross income."  On petitioners' Schedule A, Itemized Deductions, petitioner calculated that the total medical and dental expenses they paid in 2001 was $774.  Petitioners' 2001 Federal income tax return reflects that their joint adjusted gross income was $172,703.  Therefore, 7.5 percent of their 2001 adjusted gross income was $12,953.  Thus, petitioners' expenses paid for medical care in 2001 did not satisfy the requirements of section 213(a).  Therefore, the distributions do not fall under the exception of section 72(t)(2)(B).

---

[1]Petitioners assert that they used a portion of the distributions to make a downpayment on a home.  Sec. 72(t)(2)(F), regarding distributions made for first time home purchases, is inapplicable here because petitioner's 401(k) plan is not an individual retirement account as required by the exception.

Petitioner also asserts that he used a portion of the distributions to pay higher education expenses for his daughter. Section 72(t)(2)(E) provides that the additional tax on early distributions does not apply to "Distributions to an individual from an <u>individual retirement plan</u> to the extent such distributions do not exceed the qualified higher education expenses * * * of the taxpayer for the taxable year." (Emphasis added.) An "individual retirement plan" is defined as: "(A) an individual retirement account described in section 408(a), and (B) an individual retirement annuity described in section 408(b)." Sec. 7701(a)(37). An individual retirement plan is commonly referred to as an IRA.

Section 72(t)(2)(E) was added by section 203(a) of the Taxpayer Relief Act of 1997, Pub. L. 105-34, 111 Stat. 809. The report of the Committee on the Budget refers only to withdrawals from IRAs. See H. Conf. Rept. 105-148, at 288-289 (1997), 1997-4 C.B. (Vol. 1) 319, 610-611. It is undisputed that the retirement plan from which petitioner withdrew the $68,583 is a plan described in section 401(k), and, therefore, the exception contained in section 71(t)(2)(E) does not apply.

Finally, petitioner contends that, because of financial hardship, the $68,583 should not be subject to the 10-percent additional tax imposed by section 72(t). There is, however, no hardship exception in the controlling statute, section 72(t).

This principle has been applied consistently in cases dealing with premature retirement distributions.  See <u>Arnold v. Commissioner</u>, <u>supra</u> at 255; <u>Milner v. Commissioner</u>, T.C. Memo. 2004-111.  Thus, the retirement distributions received by petitioner are subject to the 10-percent additional tax under section 72(t).

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.