T.C. Summary Opinion 2006-23

UNITED STATES TAX COURT

STACEY LYNN REESE, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5598-05S.          Filed February 13, 2006.

Stacey Lynn Reese, pro se.

George W. Bezold, for respondent.

DEAN, Special Trial Judge:  This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code in
effect at the time the petition was filed.  Unless otherwise
indicated, subsequent section references are to the Internal
Revenue Code as in effect for the year at issue.  The decision to
be entered is not reviewable by any other court, and this opinion
should not be cited as authority.

Respondent determined a deficiency in petitioner's Federal income tax of $3,291.90 for 2003.[1]  The issue for decision is whether petitioner is liable for the 10-percent additional tax on an early distribution under section 72(t).

## Background

The stipulated facts and the exhibits received into evidence are incorporated herein by reference.  At the time the petition in this case was filed, petitioner resided in Winneconne, Wisconsin.

In August 2001, petitioner's former husband was involved in a diving accident and became a quadriplegic.  From August 2001 to September 2003, petitioner was employed, but she resigned at the end of 2003 to care for her two young children.  During 2003, because of financial hardship, petitioner took a lump-sum distribution of $32,917 from her 401(k) account maintained by her former employer (distribution).  Petitioner used the funds to pay normal day-to-day living expenses.  Petitioner had not yet reached the age of 55 in 2003.

On April 15, 2004, petitioner electronically filed a Form 1040, U.S. Individual Income Tax Return, for 2003.  The distribution was reported as income on the return.

---

[1]In the statutory notice of deficiency, respondent determined that petitioner is liable for a 10-percent additional tax of $3,291.70 and a child care credit adjustment of $.20.

Respondent subsequently issued to petitioner a statutory notice of deficiency for 2003. Respondent determined that petitioner is liable for a 10-percent additional tax on the distribution under section 72(t), because she received the distribution prematurely.

## Discussion

Section 72(t)(1) generally imposes a 10-percent additional tax on premature distributions from "a qualified retirement plan (as defined in section 4974(c))", unless the distributions come within one of the statutory exceptions under section 72(t)(2). The parties do not dispute that petitioner's 401(k) account was a qualified retirement plan.

The legislative purpose underlying the section 72(t) tax is that "premature distributions from IRAs frustrate the intention of saving for retirement, and section 72(t) discourages this from happening". Arnold v. Commissioner, 111 T.C. 250, 255 (1998) (quoting Dwyer v. Commissioner, 106 T.C. 337, 340 (1996)); S. Rept. 93-383, at 134 (1974), 1974-3 C.B. (Supp.) 80, 213. The Court has repeatedly held that it is bound by the statutory exceptions enumerated in section 72(t)(2). See, e.g., Arnold v. Commissioner, supra at 255-256; Schoof v. Commissioner, 110 T.C. 1, 11 (1998). Petitioner has not shown that she comes within any of the exceptions to the 10-percent additional tax under section 72(t)(2).

Petitioner contends that she should not be subject to the 10-percent additional tax, because she has a "qualifying hardship". While it is evident that petitioner took the distribution because of financial hardship, and the Court sympathizes with her, there is, however, no hardship exception under section 72(t)(2). This principle has been applied consistently in cases dealing with premature retirement distributions. See Arnold v. Commissioner, supra at 255 (holding that premature distribution received as a result of financial hardship was subject to section 72(t) additional tax, because no exception exists for financial hardship); Milner v. Commissioner, T.C. Memo. 2004-111 (same); Gallagher v. Commissioner, T.C. Memo. 2001-34 (holding that premature distribution received by taxpayers due to financial hardship and used to pay bills, tuition at their son's private high school, and other personal expenses was subject to section 72(t) additional tax); Robertson v. Commissioner, T.C. Memo. 2000-100, affd. 15 Fed. Appx. 467 (4th Cir. 2001) (holding that premature distribution used for the taxpayer's "own subsistence and that of her family" was subject to section 72(t) additional tax); Pulliam v. Commissioner, T.C. Memo. 1996-354 (holding that premature distribution received by taxpayer due to financial hardship and used to pay off his debts was subject to section 72(t) additional tax). Thus, the distribution received by petitioner is subject to the 10-percent

additional tax under section 72(t).

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered</u>

<u>for respondent</u>.