T.C. Summary Opinion 2006-170

UNITED STATES TAX COURT

NADER GHAZITEHRANI AND FARZANEH ZAMANIZADEH, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 12653-05S.          Filed October 23, 2006.

Nader Ghazitehrani and Farzaneh Zamanizadeh, pro sese.

<u>Aimee R. Lobo-Berg</u>, <u>Thomas J. Travers</u>, and Anna L. Rooney
(specially recognized), for respondent.


PANUTHOS, <u>Chief Special Trial Judge</u>: This case was heard
pursuant to the provisions of section 7463 of the Internal
Revenue Code in effect at the time the petition was filed. The
decision to be entered is not reviewable by any other court, and
this opinion should not be cited as authority. Unless otherwise
indicated, subsequent section references are to the Internal

Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency of $2,338 in petitioners' 2002 Federal income tax. The issue for decision is whether a distribution from a qualified retirement plan is subject to the 10-percent additional tax under section 72(t).

## Background

Some of the facts have been stipulated, and they are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time the petition was filed, petitioners resided in Vancouver, Washington. Unless otherwise indicated, all references to petitioner are to Mr. Ghazitehrani.

Beginning in 1988, petitioner worked as an engineer for the Boeing Company (Boeing). Boeing maintained a section 401(k) retirement plan to which petitioner contributed. In or about 1999, petitioner borrowed approximately $32,000 from the retirement plan.

Petitioner was terminated from Boeing in 2002, when he was approximately 53 years old. At that time, the unpaid balance of the loan from the retirement plan was $23,378. Petitioners reported that amount as a taxable distribution on their joint 2002 Federal income tax return but did not report a 10-percent

additional tax on the distribution.  Petitioners prepared their tax return using TurboTax, a tax preparation software program.

Respondent determined that the $23,378 distribution was subject to a 10-percent additional tax under section 72(t).  Respondent issued petitioners a notice of deficiency on April 18, 2005.  Petitioners timely petitioned the Court for redetermination of the deficiency.

At some point after the petition was filed, petitioners were divorced.  At trial, Ms. Zamanizadeh indicated that she wished to seek relief under section 6015, which is commonly referred to as innocent spouse relief.  Petitioner stated that he did not object to Ms. Zamanizadeh's being granted relief.  The Court held the record open to permit Ms. Zamanizadeh to file an administrative claim with respondent.  In September 2006, respondent informed the Court that Ms. Zamanizadeh had been granted relief under section 6015(c).  The Court then closed the record.

## Discussion

In general, the Commissioner's determinations set forth in a notice of deficiency are presumed correct, and the taxpayer bears the burden of showing that the determinations are in error.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  Pursuant to section 7491(a), the burden of proof as to factual matters shifts to the Commissioner under certain circumstances.  We decide this case without regard to the burden of proof.

Accordingly, we need not decide whether section 7491(a) applies in this case.[1]

Section 72(t)(1) imposes an additional tax on an early distribution from a qualified retirement plan equal to 10 percent of the portion of the amount which is includable in gross income. A qualified retirement plan includes a section 401(k) plan. See secs. 401(a), (k)(1), 4974(c)(1). Petitioners do not dispute that the unpaid balance of the loan from the section 401(k) plan was an early distribution which was includable in gross income.

The 10-percent additional tax does not apply to certain distributions, including distributions: (1) To an employee age 59-1/2 or older; (2) on account of the employee's disability; (3) as part of a series of substantially equal periodic payments made for life; (4) to an employee after separation from service after attainment of age 55; (5) to an employee for medical care; or (6) to an alternate payee pursuant to a qualified domestic relations order. Sec. 72(t)(2).

Petitioners do not argue that they satisfy any of the enumerated exceptions under section 72(t)(2). Instead, petitioners contend that the additional tax should not apply

_____

[1] Pursuant to sec. 7491(c), the Commissioner bears the burden of production with respect to any penalty, addition to tax, or additional amount. Even if the $2,338 additional tax under sec. 72(t) is an "additional amount" for which respondent bears the burden of production, respondent has met such burden by showing that petitioner received the distribution when he was 53 years old. See Milner v. Commissioner, T.C. Memo. 2004-111 n.2.

because of financial hardship.  We have held, however, that general financial hardship is not an exception to the additional tax.  Milner v. Commissioner, T.C. Memo. 2004-111.

In the alternative, petitioners argue that any errors on their return are attributable to the TurboTax program.  Thus, petitioners contend, they should not be liable for the additional tax.  We disagree.  Even if the TurboTax program was at fault, a poorly prepared return "is simply no reason to relieve * * * [taxpayers] of taxes which were legally owing and which would have been paid upon the filing of their * * * return if their return had been correctly calculated."  See Kelly v. Commissioner, T.C. Memo. 1983-156.

We sustain respondent's determination that the $23,378 distribution from Boeing is subject to the 10-percent additional tax under section 72(t).  Because respondent has granted Ms. Zamanizadeh relief under section 6015(c), petitioner shall be solely liable for the deficiency.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

An appropriate decision

will be entered.