T.C. Summary Opinion 2008-82

UNITED STATES TAX COURT

TOMMY DALE CARDER AND ALMA R. CARDER, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7422-07S.                    Filed July 15, 2008.

Tommy Dale Carder and Alma R. Carder, pro sese.

Daniel N. Price, for respondent.

VASQUEZ, Judge:  This case was heard pursuant to the
provisions of section 7463[1] of the Internal Revenue Code in
effect when the petition was filed.  Pursuant to section 7463(b),
the decision to be entered is not reviewable by any other court,

---

[1]  Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for the year in issue and all
Rule references are to the Tax Court Rules of Practice and
Procedure.

and this opinion shall not be treated as precedent for any other case.  The issue for decision is whether petitioners are liable for the 10-percent additional tax pursuant to section 72(t)(1) for 2004.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference.  At the time they filed the petition, petitioners resided in Texas.

Alma R. Carder (Mrs. Carder) invested in a qualified retirement plan with the Teacher Retirement System of Texas (retirement plan).  In 2004 Mrs. Carder withdrew her balance from the retirement plan (the distribution).  At the time of the distribution, Mrs. Carder was 51 years old and Tommy Dale Carder (Mr. Carder) was 45 years old.

Mrs. Carder received a Form 1099-R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc., for 2004 reflecting the distribution. Petitioners reported the distribution, but not any additional tax due on the distribution, on their 2004 Federal income tax return.

During 2004, Mr. Carder was on active duty in the U.S. Army. During this time he received orders to move to Hawaii, and petitioners promptly moved from Texas to Hawaii.  During 2004, petitioners used the distribution to pay their unreimbursed

moving costs and their unreimbursed living costs (until they were housed permanently) associated with relocating to Hawaii.

## Discussion

Petitioners have neither claimed nor shown that they satisfied the requirements of section 7491(a).  Accordingly, petitioners bear the burden of proof.[2]  See Rule 142(a).

Section 72(t) provides for a 10-percent additional tax on early distributions from a qualified retirement plan.  Mrs. Carder's retirement plan was a qualified retirement plan.

The 10-percent additional tax does not apply to certain distributions.  See sec. 72(t)(2).  Petitioners concede that they do not fit within a statutory exception; however, they contend that they should be excepted from the 10-percent additional tax on account of the financial hardship imposed by Mr. Carder's military service and related relocation.  Although we are sympathetic to petitioners' plight, none of the exceptions set forth in section 72(t)(2) apply in this case.  Accordingly, respondent's determination is sustained.

To reflect the foregoing,

Decision will be entered

for respondent.

---

[2]  Regardless of whether the sec. 72(t) additional tax is an "additional amount" for which respondent would have the burden of production pursuant to sec. 7491(c), respondent has met that burden.  See Milner v. Commissioner, T.C. Memo. 2004-111 n.2.