T.C. Summary Opinion 2009-38

UNITED STATES TAX COURT

NANCY GARZA-MARTINEZ, Petitioner $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4390-07S.                    Filed March 23, 2009.

Nancy Garza-Martinez, pro se.

Sheila R. Pattison, for respondent.

JACOBS, Judge:  This case was heard pursuant to the
provisions of section 7463 of the Internal Revenue Code in effect
when the petition was filed.  Pursuant to section 7463(b), the
decision to be entered is not reviewable by any other court,
and this opinion shall not be treated as precedent for any other
case.  All subsequent section references are to the Internal

Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a $1,845 deficiency in petitioner's Federal income tax for 2004. The deficiency arises from the imposition of the 10-percent additional tax mandated by section 72(t)(1) on early distributions from a qualified retirement plan. Respondent contends that the 10-percent additional tax was triggered by an impermissible modification to a "series of substantially equal periodic payments" (the additional distributions) petitioner had been receiving from her individual retirement account (IRA) pursuant to section 72(t)(2)(iv). Petitioner asserts that these additional distributions did not trigger the 10-percent additional tax because they were used for "qualified higher educational expenses" and therefore were excepted from the 10-percent additional tax pursuant to section 72(t)(2)(E). Thus, the issues for decision are: (1) Whether petitioner is liable for the section 72(t)(1) 10-percent additional tax on early distributions from a qualified retirement plan; and, if so, (2) the amount ($18,450, as respondent asserts or $4,050, as petitioner maintains) of the distributions that is subject to the 10-percent additional tax.

### Background

Some of the facts have been stipulated, and they are so found. We incorporate by reference the parties' stipulations of

facts and accompanying exhibits.  At the time she filed her petition, petitioner resided in Texas.

Petitioner worked for Southwestern Bell for more than 20 years before 2001.  In 2001, at age 48, she took early retirement.  At the end of 2000 petitioner rolled the amount in her Southwestern Bell retirement plan account into an IRA with Merrill Lynch and thereafter elected to receive monthly distributions of $1,200 (the periodic payment distributions) from her IRA, beginning February 1, 2001, and ending on February 18, 2012.

Petitioner began receiving her periodic payment distributions as scheduled.  However, during each of years 2001 to 2004 she received additional distributions from her IRA.  In 2001 she received distributions from her IRA totaling $33,266.  Petitioner took the additional distributions in 2001 because she had overcontributed to her IRA and took the additional distributions in order to be in compliance with IRA contribution rules.  In 2002 petitioner received distributions totaling $46,331, taking the additional distributions in 2002 because the value of the investments that made up her IRA was plummeting and she wanted to withdraw money from the stock market.  In 2003 petitioner received distributions totaling $25,145.  The additional distributions were made pursuant to a qualified domestic relations order arising from her divorce.

In 2004, when petitioner was 52 years old, she received (in addition to her periodic payment distributions of $1,200) $4,050 of additional distributions as follows:

| Date | Amount |
|------|--------|
| Jan. 9 | $1,800 |
| Mar. 30 | 800 |
| May 24 | 500 |
| July 19 | 400 |
| Oct. 25 | 400 |
| Nov. 30 | 150 |

Thus, in 2004 petitioner received distributions totaling $18,450. The $4,050 of additional distributions was used to pay her son's higher education expenses.[1]  However, she did not know specifically how her son spent the money she gave him, although she believed that he used most of the money for college books and supplies.  When her son requested money, petitioner would make withdrawals from her IRA and give him cash or transfer money to his bank account.  Petitioner did not provide documentation to corroborate her assertion that she gave the money to her son or that her son used the money for college tuition, books, and/or supplies.

---

[1]In 2004 petitioner's son was 23.  He lived off and on with his girlfriend and at times with petitioner.  For 2001-2004 petitioner claimed her son as a dependent.  On her 2001 tax return she claimed an education credit of $1,500; on her 2002 tax return she claimed a tuition and fees deduction of $3,000; and on her 2003 tax return she claimed an education credit of $2,000. She did not claim an education credit or a deduction (with respect to her son) on her 2004 tax return.

Petitioner reported the following amounts as being subject to the section 72(t)(1) additional tax as a consequence of the additional distributions she received in 2001, 2002, and 2003:

| Date | Amount |
|------|--------|
| 2001 | $11,331 |
| 2002 | 31,931 |
| 2003 | 1,938 |

She did not report any amount as being subject to the section 72(t)(1) additional tax for 2004.

## Discussion

Section 72(t)(1) imposes a 10-percent additional tax on the amount of any distribution from a qualified retirement plan (such as an IRA) that fails to satisfy one of the statutory exceptions in section 72(t)(2).[2]  One exception, found in section 72(t)(2)(A)(iv), relates to periodic payments that are substantially equal in amount:

> (2) Subsection not to apply to certain distributions. --Except as provided in paragraphs (3) and (4), paragraph (1) shall not apply to any of the following distributions:
>
> (A) In general.--Distributions which are--

---

[2]Petitioner did not argue that the burden of proof should be shifted to respondent pursuant to sec. 7491.  Regardless of whether the sec. 72(t) additional tax is a "penalty, addition to tax, or additional amount imposed by this title" for which respondent would have the burden of production pursuant to sec. 7491(c), we find that respondent has met that burden.  See Milner v. Commissioner, T.C. Memo. 2004-111 n.2.

\*       \*       \*       \*       \*       \*       \*

> (iv) part of a series of substantially equal periodic  payments (not less frequently than annually) made for the life (or life expectancy) of the employee or the joint lives (or joint life expectancies) of such employee and his designated beneficiary,

Petitioner asserts that distributions of $14,440 that she received from her IRA plan during 2004 were designed to qualify as substantially equal periodic payments under section 72(t)(2)(A)(iv) and thus are not subject to the 10-percent additional tax.  Petitioner readily admits, however, that she received distributions during 2004 (and in previous years) in addition to the $1,200 monthly payment.

Assuming arguendo that the series of $1,200 monthly payments originally complied with section 72(t)(2)(A)(iv), petitioner ran afoul of the recapture provision of section 72(t)(4).[3]

---

[3]Although sec. 72(t)(2)(A)(iv) requires that the series of payments be made for the life or life expectancy of the employee, petitioner elected to receive monthly distributions from her IRA from February 2001 through February 2012.  We need not and do not decide whether these payments were to be made for her life or life expectancy.  See Rev. Rul. 2002-62, 2002-2 C.B. 710; Notice 89-25, Q&A-12, 1989-1 C.B. 662, 666.

Section 72(t)(4)[4] provides that the exception found in section 72(t)(2)(A)(iv) is not applicable if the series of substantially equal periodic payments is subsequently modified (other than by reason of death or disability) before the employee attains age 59-1/2.  However, respondent is not seeking the 10-percent additional tax for 2001, 2002, or 2003 in an amount greater than reported on petitioner's income tax return as a consequence of the section 72(t)(4) recapture provision.

Petitioner maintains that she should not be subject to the 10-percent additional tax under section 72(t)(1) for 2004 because, as noted supra, she received those additional

---

[4]Sec. 72(t)(4) provides in pertinent part:

(4)  Change in substantially equal payments.--

    (A)  In general.--If--

        (i)  paragraph (1) does not apply to a distribution by reason of paragraph (2)(A)(iv), and

        (ii) the series of payments under such paragraph are subsequently modified (other than by reason of death or disability)--

            (I)  before the close of the 5-year period beginning with the date of the first payment and after the employee attains age 59-1/2, or

            (II) before the employee attains age 59-1/2,

the taxpayer's tax for the 1st taxable year in which such modification occurs shall be increased by an amount, determined under regulations, equal to the tax which (but for paragraph (2)(A)(iv)) would have been imposed, plus interest for the deferral period.

distributions in order to pay her son's higher education expenses. Petitioner introduced no documentation such as bills or receipts to substantiate her claim. Petitioner initially testified that all of the additional amounts in 2004 were for her son's educational expenses. But under cross-examination, petitioner testified that 90 percent of the 2004 distributions were for her son's educational expenses. Moreover, when asked how she knew how her son used the money given to him, petitioner admitted that once she gave the money to her son, he did not give her any receipts. She testified: "I knew he had things due at school * * * [b]ut I took his word, because they [sic] told me, because once they're [sic] in college, they [sic] don't allow you to look at their [sic] records and stuff."

To assist petitioner, we held the record open for 30 days after trial to allow her to submit documentation showing how the 2004 additional distributions were used. Petitioner failed to submit such documentation.

It is well established that the taxpayer has the burden of proving the applicability of the exception found in section 72(t)(2)(E). Lodder-Beckert v. Commissioner, T.C. Memo. 2005-162; see Matthews v. Commissioner, 92 T.C. 351, 361-362 (1989) (exemptions and exclusions from taxable income should be construed narrowly, and the taxpayers must bring themselves within the clear scope of the exclusions), affd. 907 F.2d 1173

(D.C. Cir. 1990). And we have rejected a taxpayer's claim for the exception under section 72(t)(2) where the taxpayer failed to provide the substantiating evidence. See Nolan v. Commissioner, T.C. Memo. 2007-306 (taxpayer failed to provide evidence of medical expenses and therefore could not claim an exception to the additional tax under the medical expense exception of section 72(t)(2)(B)). Because petitioner failed to present documentation to corroborate the alleged higher education expense use of the additional distributions, we hold that petitioner is not entitled to the claimed exception. See Rule 142(a).

Finally, petitioner argues that should we conclude that she is liable for the section 72(t)(1) additional tax, the 10-percent additional tax should be imposed only with respect to the $4,050 in additional distributions she received in 2004. Respondent disagrees and asserts that the 10-percent additional tax should be imposed on the entire $18,450 of the distributions petitioner received in 2004. We agree with respondent.

Section 72(t)(4) provides that if a series of substantially equal payments (which otherwise is excepted from the 10-percent additional tax) is modified (other than by reason of death or disability) before the employee reaches 59-1/2 years of age, beginning on the date of the first distribution, then the taxpayer's tax for the first taxable year in which such modification occurs is to be increased by an amount equal to the

tax which (but for section 72(t)(2)(A)(iv)) would have been imposed, plus interest. Thus paragraph (4) makes clear that the 10-percent additional tax is imposed on the full distribution for the year. See Arnold v. Commissioner, 111 T.C. 250, 255-256 (1998); Notice 89-25, Q&A-12, 1989-1 C.B. 662, 666. Moreover, the conference report accompanying the Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 2085, includes the following example regarding the imposition of the tax:

> if, at age 50, a participant begins receiving payments under a distribution method which provides for substantially equal payments over the individual's life expectancy, and, at age 58, the individual elects to receive the remaining benefits in a lump sum, the additional tax will apply to the lump sum and to amounts previously distributed.

H. Conf. Rept. 99-841 (Vol. II), at II-457 (1986), 1986-3 C.B. (Vol. 4) 1, 457.

Accordingly, we hold that the 10-percent additional tax applies to the entire $18,450 distributed to petitioner from her IRA in 2004, as respondent maintains.

To give effect to respondent's statement in his posttrial brief,

Decision will be entered
under Rule 155.