T.C. Memo. 2009-268

UNITED STATES TAX COURT

RICHARD GLEN VENET AND ROBIN VENET, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13495-08.                    Filed November 24, 2009.

Richard Glen Venet and Robin Venet, pro sese.

<u>A. Gary Begun</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

VASQUEZ, <u>Judge</u>:  Respondent determined an $11,069.10 deficiency in petitioners' 2006 Federal income tax.  The issue for decision is whether petitioners are liable for a 10-percent additional tax under section 72(t).[1]

---

[1] Unless otherwise indicated, all section references are to
(continued...)

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioners resided in Michigan at the time they filed the petition.

Richard Glen Venet (petitioner) worked for 22 years before being laid off in September 2001. He was unable to find suitable work again until 2005. During this time petitioners used credit card advances and home equity loans to meet their personal expenses. The credit card debt was accruing interest at 22 percent and the home equity loan at approximately 5 or 6 percent.

Petitioners have two children, a son and a daughter. During 2006 petitioners' daughter attended Michigan State University (MSU) and lived in an off-campus apartment. A Michigan Education Trust Fund, which petitioners invested in before 2006, paid petitioners' daughter's tuition. Petitioners gave their daughter $575 per month for rent and $100 per month for utilities in addition to money for food. They would either give her cash when they saw her or transfer funds from their LaSalle Bank account to hers. Petitioners did not pay any of their daughter's expenses

---

[1](...continued)
the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

directly.  They also did not keep records of the amounts they gave to her.

In 2006 petitioner worked in business development and sales for RWD Technologies, Inc.  Robin Venet (Mrs. Venet) worked for ABN AMRO Mortgage Group, Inc.  By this time petitioners had amassed $80,000 in credit card debt in addition to an $80,000 mortgage and a $40,000 home equity loan.[2]  To avoid putting their home in foreclosure or filing for bankruptcy, petitioners decided to withdraw cash from their individual retirement accounts (IRAs) to reduce their debt.

Petitioner withdrew $110,691 from his IRAs in 2006.[3]  He instructed the distributing institutions to withhold $22,138 of that amount for Federal income tax.  Petitioners used approximately $80,000 to pay off their outstanding credit card debt and set aside the approximate $8,500 remaining in a bank account for end of year taxes.  At the time of the distribution petitioner and Mrs. Venet were 48 and 49 years old, respectively.

---

[2]  These figures are approximations.

[3]  The early distributions were reported on three Forms 1099-R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc.  Vanguard Fiduciary Trust Co. issued a Form 1099-R showing a $104,500 gross distribution and $20,900 withheld for Federal income tax. Capital Bank and Trust Co. issued two Forms 1099-R; one showed a $5,767 gross distribution and $1,153 withheld for Federal income tax, and the other showed a $424 gross distribution and $85 withheld for Federal income tax.  We refer to the three distributions collectively as the distribution.

Petitioners timely filed their joint Federal income tax return for 2006 and reported the $110,691 distribution as taxable income.  Petitioners attached Form 5329, Additional Taxes on Qualified Plans (Including IRAs) and Other Tax-Favored Accounts, to their 2006 return but did not report a 10-percent additional tax related to the early distribution.

OPINION

Section 72(t)(1) imposes a 10-percent additional tax on the taxable amount of an early distribution from a qualified retirement plan (as defined in section 4974(c)).[4]  A distribution is early if made to an employee who has not attained age 59-1/2. Sec. 72(t)(2)(A)(i).  Petitioners conceded that they received the early IRA distribution totaling $110,691 and reported that amount on their 2006 return.  However, petitioners contend that the additional tax should not apply at all because the early distribution was the result of financial hardship and, in the alternative, that an exception to the 10-percent additional tax for higher education expenses applies to a portion of the distribution.

There is no exception to the additional tax for financial hardship.  Sec. 72(t)(2); See Arnold v. Commissioner, 111 T.C. 250, 255 (1998); Milner v. Commissioner, T.C. Memo. 2004-111;

---

[4]  The term "qualified retirement plan" includes an individual retirement account described in sec. 408(a).  Sec. 4974(c)(4).

Robertson v. Commissioner, T.C. Memo. 2000-100 (no exception exists to additional tax for withdrawal to provide for taxpayer's own subsistence and that of her family), affd. 15 Fed. Appx. 467 (9th Cir. 2001). Taxpayers are limited to the exceptions in the statute.

Section 72(t)(2)(E) provides an exception to the 10-percent additional tax for distributions from individual retirement plans to the extent such distributions do not exceed the qualified higher education expenses of the taxpayer for the taxable year.[5] In general, "qualified higher education expenses" means qualified higher education expenses (as defined in section 529(e)(3)) for education furnished to the taxpayer, the taxpayer's spouse, or any child of the taxpayer or the taxpayer's spouse, at an eligible educational institution. Sec. 72(t)(7). These include tuition, fees, books, supplies, and equipment, and, in limited circumstances, room and board. Sec. 529(e)(3)(A)(i), (B).

The amount for room and board treated as qualified higher education expenses for an eligible student[6] shall not exceed the student's allowance for room and board included in the cost of

---

[5] IRAs are included in the definition of "individual retirement plan". Sec. 7701(a)(37).

[6] In general, the term "eligible student" means, with respect to any academic period, a student who is enrolled at least half time in a degree or certificate program at an eligible institution of higher education. See secs. 529(e)(3)(B)(i), 25A(b)(3); 20 U.S.C. sec. 1091(a)(1) (2006).

attendance (as defined in section 472 of the Higher Education Act of 1965, 20 U.S.C. section 1087ll) as determined by the eligible educational institution for such period, or, in the case of a student living in housing owned or operated by an eligible educational institution whose expenses are greater, the actual amount charged the student by the educational institution for room and board.  Sec. 529(e)(3)(B)(ii).[7]

We are satisfied, on the basis of petitioner's credible testimony, that petitioners provided their daughter with $575 per month for rent, $100 per month for utilities, and $100 per month for food ($775 per month total) in 2006.  However, the amount treated as qualified higher education expenses is limited to the allowance for room and board included in the cost of attendance for 2006 as determined by MSU.[8]  Accordingly, the 10-percent additional tax does not apply to the amount of the distribution

---

[7]  The term "cost of attendance" includes an allowance (as determined by the institution) for room and board costs incurred by the student which, for students residing off-campus but not at home with parents, shall be an allowance based on the expenses reasonably incurred by such students for room and board.  See 20 U.S.C. sec. 1087ll(3) (2006).

[8]  Sec. 529(e)(3)(B)(ii)(II) does not apply here because petitioners' daughter did not live in housing owned or operated by MSU in 2006.  See, e.g., Staff of Joint Comm. on Taxation, General Explanation of Economic Growth and Tax Relief Reconciliation Act of 2001 (J. Comm. Print 2003).

equal to the lesser of the room and board expenses petitioners incurred and MSU's allowance for room and board in 2006.[9]

No other exception applies to the amount of the distribution in excess of the allowable qualified higher education expenses. Accordingly, that excess amount is subject to the 10-percent additional tax.

In reaching all of our holdings herein, we have considered all arguments made by the parties, and to the extent not mentioned above, we find them to be irrelevant or without merit.

To reflect the foregoing,

<u>Decision will be entered under Rule 155</u>.

---

[9] We leave it to the parties to determine as part of the Rule 155 computation petitioners' total room and board expenses using the Court's findings for the months petitioners' daughter was enrolled at MSU and the applicable limit on reasonable costs incurred for room and board as determined by MSU for 2006.