T.C. Summary Opinion 2015-42

UNITED STATES TAX COURT

PRESTON L. KOTT, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 30012-13S.               Filed July 14, 2015.

Preston L. Kott, pro se.

<u>Emile Louis Hebert, III</u>, for respondent.

SUMMARY OPINION

PUGH, <u>Judge</u>: This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.[1]

---

[1] Unless otherwise indicated, all subsequent section references are to the Internal Revenue Code in effect for the year in issue.

Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

On September 30, 2013, respondent determined a deficiency of $5,792 in petitioner's Federal income tax for 2011 and a penalty under section 6662(a) of $893. The issues for decision are: (1) whether petitioner is liable for the 10% additional tax imposed by section 72(t) for distributions from a section 401(k) retirement plan and (2) whether petitioner is liable for a penalty under section 6662(a) and (b)(2) for a substantial understatement of income tax arising from his failure to report the distributions.

## Background

Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. Petitioner lived in Louisiana at the time his petition was filed. During 2011 petitioner received distributions totaling $13,264 from his section 401(k) retirement plan administered by ING Life Insurance & Annuity Co. (ING). At the time of those distributions petitioner had not reached the age of 59½. Petitioner withdrew the amounts because of financial hardship as he was delinquent in his mortgage payments and wanted to avoid foreclosure.

He did not include the distributions in his gross income on his 2011 Federal income tax return. Petitioner does not dispute that he also failed to include a State tax refund of $1,586 in his gross income.

## Discussion

Section 72(t)(1) imposes a 10% additional tax on early distributions from a qualified retirement plan, including a section 401(k) retirement plan. See sec. 4974(c). Petitioner concedes that the distributions should have been included in his gross income but argues that the 10% additional tax should not be imposed because the distributions were due to financial hardship and therefore excepted from the additional tax under section 72(t)(1). Section 72(t)(2) sets forth specific exemptions, but those exemptions do not include a general "financial hardship" exemption. See Arnold v. Commissioner, 111 T.C. 250, 255 (1998) (holding that a distribution received as a result of financial hardship was subject to the section 72(t) additional tax because no exception exists for financial hardship); Milner v. Commissioner, T.C. Memo. 2004-111 (same); Gallagher v. Commissioner, T.C. Memo. 2001-34 (holding that a distribution received by taxpayers because of financial hardship and used to pay bills, tuition at their son's private high school, and other personal expenses was subject to the section 72(t) additional tax).

The burden of production with respect to the section 72(t) additional tax is on the taxpayer. See El v. Commissioner, 144 T.C. __, __ (slip op. at 6) (Mar. 12, 2015). Petitioner does not argue that any of the existing statutory exemptions applies. He also provided no evidence that he would qualify for the "first-time-homebuyer" exemption. See Cole v. Commissioner, T.C. Memo. 2006-44. In particular, he made no showing that he used the distributions to pay acquisition costs for his home. See id.

Petitioner points the Court's attention to the exception in section 1.401(k)-1(d)(3)(iii)(B)(4), Income Tax Regs., which permits section 401(k) retirement plans to make distributions to employees for payments necessary to prevent eviction from the employee's principal residence or foreclosure. Unfortunately for petitioner, that regulation only permitted his section 401(k) retirement plan to make the hardship distributions to him; it did not exempt the distributions from the 10% additional tax under section 72(t). Because no statutory exemption applies, petitioner is liable for the 10% additional tax on the $13,264 in distributions from his section 401(k) retirement plan administered by ING.

The second issue for decision is whether petitioner is liable under section 6662(a) and (b)(2) for the accuracy-related penalty for an underpayment of tax attributable to a substantial understatement of income tax for 2011.

There is a substantial understatement of income tax if the amount of the understatement exceeds the greater of 10% of the tax required to be shown on the return for the tax year or $5,000.[2] Sec. 6662(d)(1)(A); sec. 1.6662-4(a), Income Tax Regs. The understatement of income tax is $5,792, which exceeds $5,000. Therefore, respondent has met his burden of producing evidence that petitioner's underpayment was attributable to a substantial understatement of income tax, and petitioner is liable for the penalty unless he comes forward with persuasive evidence that the penalty is inappropriate because, for example, he acted with reasonable cause and in good faith. See sec. 6664(c)(1); Higbee v. Commissioner, 116 T.C. 438, 448-449 (2001).

The decision as to whether a taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account all pertinent facts and circumstances. See sec. 1.6664-4(b)(1), Income Tax Regs. Generally, the most important factor is the extent of the taxpayer's effort to assess her or his proper tax liability. Id.; see Halby v. Commissioner, T.C. Memo. 2009-204. Petitioner did not rely upon an adviser and admitted in testimony that the omission of the distributions from his taxable income was an oversight.

---

[2] Ten percent of the total tax required to be shown ($7,808 per the notice of deficiency) is $781, which is less than $5,000.

While petitioner might have been able to, but did not, establish reasonable cause for omitting the 10% additional tax, he admitted that he did not consider the tax at the time he filed the return. His candor is laudable, but it does not establish reasonable cause for the underpayment. Therefore the penalty is sustained.

To reflect the foregoing,

<u>Decision will be entered for</u>

<u>respondent</u>.