T.C. Summary Opinion 2017-43

UNITED STATES TAX COURT

RICHARD LEE FANN AND BEVERLY SELENA FANN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 18356-15S.                    Filed June 28, 2017.

Richard Lee Fann and Beverly Selena Fann, pro sese.

<u>William Maule</u> and <u>Mark J. Tober</u>, for respondent.

SUMMARY OPINION

GERBER, <u>Judge</u>:  This case was heard pursuant to the provisions of section

7463 of the Internal Revenue Code in effect when the petition was filed.[1]

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

The issues for our consideration are: (1) whether for 2012 any portion of petitioners' distribution from an individual retirement account is excepted from the 10% additional tax imposed by section 72(t) for early withdrawal and (2) whether petitioners are liable for an accuracy-related penalty under section 6662(a).

Background

Petitioners resided in Alabama at the time their petition was filed. They petitioned in response to respondent's determination of a $12,665 income tax deficiency and a $2,533 penalty under section 6662(a) for an underpayment attributable to a substantial understatement of income tax for the 2012 tax year. The income tax deficiency is due to the 10% additional tax on early withdrawal from a retirement account pursuant to section 72(t). During 2012 Mrs. Fann was 50 years of age when she requested and received a premature $126,648 distribution from her Verizon Pension Plan account. Petitioners' 2012 adjusted gross income was $156,594. The distribution was sought because of petitioners' job loss, medical problems, and large debt.

When the distribution was received, it had been reduced by 20% for income tax withholding, leaving the net amount available for petitioners to satisfy outstanding debt, pay medical bills, and cover daily basic living expenses. Petitioners reported the full amount of the distribution on their joint 2012 Form 1040, U.S. Individual Income Tax Return.  At the time of the distribution petitioners were insolvent and in a state of financial hardship.  Because of the loss of Mrs. Fann's employment, petitioners did not have medical insurance during 2012.

During the pendency of their examination, petitioners substantiated $6,939 of medical expenses that they paid with proceeds from the distribution.  Petitioners each used a blood pressure medication, and they paid $2,000 during 2012 for the medication in addition to the $6,939 substantiated and agreed to by respondent.

Petitioners prepared their 2012 income tax return without the assistance of a tax professional.  At the time they prepared the return, they understood that all tax due had been withheld from the distribution as reflected on tax information received from the bank that made the distribution.  They did not report a 10% tax on an early withdrawal from a retirement account.

## Discussion[2]

There is no dispute about whether the retirement account distribution during 2012 constitutes gross income subject to Federal income tax. See secs. 61(a) and (b), 72(a)(1).[3]  The dispute is about whether the distribution is subject to the 10% additional tax imposed by section 72(t).

Section 72(t)(1) provides for an additional tax of 10% on early withdrawals from qualified retirement plans.  Petitioners argue that their financial hardship and medical bills should except them from the 10% additional tax.  Section 72(t)(2) provides for several exemptions from the additional tax.  The following exception is relevant:

> (B) Medical expenses.--Distributions made to the employee * * * to the extent such distributions do not exceed the amount allowable as a deduction under section 213 to the employee for amounts paid during the taxable year for medical care * * *.

Respondent agrees that petitioners have substantiated medical expenses of $6,939, and petitioners proved in Court that they paid an additional $2,000.

---

[2]There is no dispute in this case concerning the burden of proof or production.

[3]As a general rule, if a taxpayer receives a distribution from a qualified retirement plan before attaining the age of 59-1/2, sec. 72(t) imposes an additional tax equal to 10% of the portion of the distribution which is includible in the taxpayer's gross income

Section 213(a) provides that eligible medical expenses may be deducted to the extent they exceed 7.5% of adjusted gross income. Petitioners' adjusted gross income for 2012 was $156,594, and they paid $8,939 in unreimbursed medical expenses that year. Because petitioners' unreimbursed medical expenses did not exceed $11,744 (7.5% of $156,594)--the floor for an allowable deduction under section 213--it follows that they are ineligible for the medical expense exception provided in section 72(t)(2)(B). See Dwyer v. Commissioner, 106 T.C. 337, 343 (1996); McGraw v. Commissioner, T.C. Memo. 2013-152.

Petitioners maintain that the 10% additional tax should not apply because Mrs. Fann was compelled to seek the distribution in response to extreme economic hardship. We have considered similar claims and found no authority for a general financial hardship exception to the imposition of the 10% additional tax on early distributions. See Arnold v. Commissioner, 111 T.C. 250, 255 (1998); Dollander v. Commissioner, T.C. Memo. 2009-187; Milner v. Commissioner, T.C. Memo. 2004-111. Clearly petitioners' situation is compelling and sympathetic, but we are without authority to remedy it in these circumstances.

Finally, we consider whether petitioners are liable for an accuracy-related penalty under section 6662(a). Section 6662(a) and (b)(1) and (2) imposes an accuracy-related penalty of 20% on the portion of an underpayment attributable to

negligence, disregard of rules or regulations, or a substantial understatement of income tax.

The Commissioner bears the burden of production with respect to penalties. Sec. 7491(c); Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001). Once the burden of production is met, the taxpayer must come forward with evidence sufficient to show that the penalty does not apply. Higbee v. Commissioner, 116 T.C. at 447. Petitioners' understatement of tax is $12,665. The understatement exceeds the greater of 10% of the tax required to be shown or $5,000. Thus, the understatement is substantial for purposes of section 6662(d)(1)(A), and respondent's burden of production has been met.

Section 6664(c)(1) provides a defense to the section 6662(a) penalty for any portion of an underpayment for which the taxpayers had reasonable cause and acted in good faith. Therefore the 2012 accuracy-related penalty under section 6662(a) would apply unless we find under section 6664(a) that the underpayment was due to reasonable cause and that petitioners acted in good faith. Neonatology Assocs., P.A. v. Commissioner, 115 T.C. 43 (2000), aff'd, 299 F.3d 221 (3d Cir. 2002).

Section 1.6664-4, Income Tax Regs., provides guidance as to what constitutes the reasonable cause and good faith exception to section 6662(a)

penalties. The decision as to whether a taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account all pertinent facts and circumstances. See sec. 1.6664-4(b)(1), Income Tax Regs. We consider the extent of the effort a taxpayer makes to assess the taxpayer's proper tax liability. Circumstances that may indicate reasonable cause and good faith include an honest misunderstanding of fact or law that is reasonable in light of all of the facts and circumstances, including the experience, knowledge, and education of the taxpayer. Id.

In the setting of this case, petitioners reported the $126,648 withdrawal from Mrs. Fann's retirement account as part of their income and paid tax at ordinary income rates. When they prepared their return, petitioners believed that tax due on the withdrawal had been withheld and remitted to respondent. In addition, petitioners believed that their medical bills and financial hardship were acceptable reasons for early withdrawal of retirement funds.

Respondent contends that there is a substantial understatement of income tax, but does not contend that there was negligence or disregard of rules or regulations. In these circumstances, and considering petitioners' testimony, education and explanation, we hold that petitioners' actions were reasonable. Accordingly, the accuracy-related penalty does not apply.

To reflect the foregoing,

<u>Decision will be entered for respondent with respect to the income tax deficiency and for petitioners with respect to the section 6662(a) penalty</u>.