T.C. Memo. 2005-124


UNITED STATES TAX COURT


HENRY USCINSKI AND JACQUELINE USCINSKI, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 1467-03.                    Filed May 25, 2005.


Henry Uscinski and Jacqueline Uscinski, pro sese.

Scott A. Hovey, for respondent.


MEMORANDUM OPINION


GERBER, Chief Judge:  This case is before the Court on
respondent's motion for summary judgment.  The issue for our
consideration is whether petitioners were subject to a 10-percent

additional tax under section 72(t)[1] for an early pension distribution.

## Background

At the time of the filing of the petition in this case, petitioners resided in Great Falls, Virginia.

Petitioners' petition was filed on January 27, 2003. Since then, Henry Uscinski (Mr. Uscinski) has been incarcerated, and mail addressed to Jacqueline Uscinski (Ms. Uscinski) was returned as undeliverable. Respondent attempted to contact petitioners to engage in pretrial preparation such as stipulation of facts and interrogatories. Petitioners did not respond to respondent's requests. Respondent then filed motions to cause proposed stipulations of fact to be deemed admitted under Rule 91(f) and to compel answers to interrogatories. Petitioners did not respond to the motions or to the Court's orders issued in connection therewith. On March 29, 2004, the Court entered orders deeming certain proposed facts and exhibits stipulated and compelling answers to interrogatories.

On April 1, 2004, respondent moved for summary judgment. Thereafter, Mr. Uscinski, contending his incarceration made it difficult to timely respond to court documents, filed a motion for continuance of trial and for this Court to vacate its order

---

[1] Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to sections of the Internal Revenue Code in effect for 1999, the year in issue.

deeming certain facts stipulated and compelling answers to interrogatories. On April 15, 2004, the Court granted Mr. Uscinski's motions and gave petitioners additional time to show cause why certain matters in the stipulation of facts should not be deemed established and to respond to respondent's motion to compel answers to interrogatories. Subsequently, Mr. Uscinski responded to the interrogatories and addressed respondent's proposed stipulated facts. On June 3, 2004, the Court entered an order deeming certain facts stipulated on the basis of Mr. Uscinski's responses. Petitioners did not respond to respondent's first motion for summary judgment.

Among other things, Mr. Uscinski's responses to interrogatories and deemed stipulations of fact show the following. On or around December 15, 2000, petitioners filed a joint 1999 Form 1040, U.S. Individual Income Tax Return, reporting a $161,447 taxable pension distribution from a section 401(k) account held by Fidelity Investments. Respondent sent petitioners a notice of deficiency dated August 30, 2002, for their 1999 tax year, determining a $16,340 tax deficiency and an $817.01 addition to tax under section 6651(a)(1) for failure to file. The deficiency arose from respondent's determination that the distribution was subject to a 10-percent early withdrawal tax. In his response to respondent's request for interrogatories, Mr. Uscinski admitted that the distribution did

not meet any of the exceptions enumerated within section 72(t), other than his contention that the distribution was used to pay for education expenses.

On August 27, 2004, the Court issued an order denying respondent's first motion for summary judgment. First, there was a discrepancy between the deficiency determination and petitioners' return. If the deficiency had been based on a 10-percent additional tax on the $161,447 distribution, the deficiency should have been $16,144.70. Respondent, however, determined a $16,340 deficiency. In addition, the notice of deficiency contained the determination of an addition to tax under section 6651(a)(1) for failure to timely file their 1999 tax return. However, the notice of deficiency and the first motion for summary judgment alleged different due dates for the 1999 return. Accordingly, we held that respondent failed to show that there was no issue of a material fact.

On March 10, 2005, respondent filed a second motion for summary judgment, which is now before the Court. For purposes of that motion, respondent concedes that the amount of the deficiency should be $16,144.70 and that there should be no addition to tax for failure to file. In the motion, respondent provided several reasons as to why the distribution could not have been for higher education expenses. On April 15, 2005, Mr.

Uscinski filed a response to respondent's motion, arguing only that nothing in Rule 121 permits successive or repeated motions for summary judgment.

## Discussion

The purpose of summary judgment is to expedite litigation and avoid the expense of unnecessary trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). A motion for summary judgment may be granted where there is no dispute as to a material fact and a decision may be rendered as a matter of law. See Rule 121. The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences are viewed in a light most favorable to the nonmoving party. Craig v. Commissioner, 119 T.C. 252, 260 (2002); Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982). The party opposing summary judgment must set forth specific facts which show that a question of genuine material fact exists and may not rely merely on allegations or denials in the pleadings. See Grant Creek Water Works, Ltd. v. Commissioner, 91 T.C. 322, 325 (1988); Casanova Co. v. Commissioner, 87 T.C. 214, 217 (1986). On the basis of respondent's concessions, as noted above, the sole dispute is whether the distribution is subject to a 10-percent additional tax.

A 10-percent additional tax is imposed upon distributions from a "qualified retirement plan", unless the distribution satisfies one of a number of exceptions enumerated under section 72(t)(2). Sec. 72(t)(1) and (2). A qualified retirement plan includes a section 401(k) plan. Secs. 72(t)(1), 401(a), (k)(1), 4974(c)(1). The distribution was made from a qualified retirement plan because petitioners acknowledge that the distribution was made from a section 401(k) plan. In addition, Mr. Uscinski's answers to interrogatories concede that the distribution does not fall within any of the enumerated exceptions to the imposition of the 10-percent additional tax, with the exception of his allegation that the early distribution was for education expenses. Accordingly, we limit our discussion to whether the distribution could satisfy the higher education expense exception.

The 10-percent additional tax imposed on early distributions from qualified retirement plans does not apply to distributions from individual retirement plans for higher education expenses. Sec. 72(t)(2)(E). An individual retirement plan is defined as an individual retirement account or individual retirement annuity (collectively IRAs) described in section 408(a) or (b). Sec. 7701(a)(37). Section 72(t)(2)(E) was added by the Taxpayer Relief Act of 1997, Pub. L. 105-34, section 203(a), 111 Stat. 788, 809. The report of the Committee on the Budget refers only to tax-free withdrawals from IRAs for higher education expenses.

See H. Rept. 105-148, at 288-289 (1997), 1997-4 C.B. (Vol. 1) 319, 610-611; see also Notice 97-60, sec. 4, 1997-2 C.B. 310, 317-318.

Both section 401(k) plans and individual retirement plans are subject to the general requirements of section 72(t). See secs. 72(t)(1), 401(a), (k)(1), 4974(c)(1), (4), (5). However, classification as a section 401(k) plan is separate and distinct from classification as an individual retirement plan. See secs. 401(k), 408(a) and (b). The distribution in this case was from a section 401(k) account, which does not fall within the IRA category. This conclusion is further supported by the statutory definition of individual retirement plans, which includes plans described in section 408 but not those described in section 401(k). See sec. 7701(a)(37). If the distribution had been made from an IRA, it would have been reported on line 15b, "Taxable amount" of "Total IRA distributions", of petitioners' Form 1040, not on line 16b where it was reported. Because the distribution was not from an IRA, it would not qualify for the exception for higher education expenses, even if it were used for higher education expenses.

Petitioners stated in their petition that the distribution was from a section 401(k) account, a fact which petitioners have not denied. Petitioners did not respond to the first summary judgment motion, and the sole argument presented in the response to the second motion is that Rule 121 does not provide for

repeated motions for summary judgment.  This argument is without merit.  Rule 121 does not prevent successive motions for summary judgment.

We conclude that petitioners are liable for the 10-percent additional tax under section 72(t).

To reflect the foregoing and respondent's concessions,

<u>An appropriate order and decision will be entered</u>.