T.C. Summary Opinion 2006-106

UNITED STATES TAX COURT

CHRISTINE L. GIBBONS, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5464-05S.                    Filed July 13, 2006.

Christine L. Gibbons, pro se.

Bryan E. Sladek, for respondent.

COUVILLION, Special Trial Judge:  This case was heard pursuant to section 7463 in effect at the time the petition was filed.[1]  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined a deficiency of $3,044 in petitioner's 2002 Federal income tax.  The sole issue for decision is whether

------

[1]Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year at issue.

petitioner is liable for the 10-percent additional tax under section 72(t) for an early distribution from a qualified retirement plan.

Some of the facts were stipulated. Those facts and the accompanying exhibits are so found and are incorporated herein by reference. Petitioner's legal residence at the time the petition was filed was Casco Township, Michigan.

Petitioner was employed as a schoolteacher by the Fraser Public School System (the school system). The school system maintained a pension plan for its employees (including petitioner), which qualified, as stipulated by the parties, as a section 403(b) plan.

During the year 2002, petitioner, as an employee and a participant in the pension plan, withdrew $67,552.64 from the plan, the proceeds of which were to fund her daughter's higher education expenses.

On her Federal income tax return for 2002, petitioner reported the entire amount of the pension plan withdrawal as income; however, petitioner failed to report a liability for the 10-percent section 72(t) additional tax for an early withdrawal from a qualified pension plan. In the administrative review or audit of petitioner's tax return, the IRS agreed that $37,112.64 of the $67,552.64 withdrawn from the pension plan was appropriately expended for the qualified higher education

expenses of petitioner's daughter under section 72(t)(2)(E), and, therefore, the section 72(t) addition to tax was not applicable to that portion of the distribution.  The remainder of the pension plan distribution, or $30,440, was determined to be subject to the section 72(t) additional tax for the reason that petitioner did not substantiate that this portion of the distribution was used for higher education expenses.

At trial, respondent's position was that no portion of the $67,552.64 early distribution qualified for higher education expenses for the reason that the pension plan of the school system was not in the category of qualified plans as to which the provisions of section 72(t)(2)(E) are applicable.  The parties stipulated, as noted above, that the school system plan was qualified under section 403(b).[2]

Section 72(t)(1) imposes an additional tax on distributions from a "qualified retirement plan" equal to 10-percent of the portion of such amount that is includable in gross income unless the distribution comes within one of several statutory exceptions.  For purposes of the 10-percent additional tax, a

---

[2]Even though respondent's position at trial was that no portion of the $67,552.64 early withdrawal was subject to exclusion from the sec. 72(t) additional tax, counsel for respondent stated that respondent would not move to increase the deficiency to apply the sec. 72(t) additional tax to the $37,112.64, which was allowed as a higher education expense prior to issuance of the notice of deficiency.

qualified retirement plan includes both a section 401(k) plan and an individual retirement account or individual retirement annuity.  See secs. 72(t)(1), 401(a), (k)(1), 4974(c)(1), (4) and (5).  The 10-percent additional tax imposed on early distributions from qualified retirement plans does not apply to distributions from an individual retirement plan used for higher education expenses of the taxpayer for the taxable year.  Sec. 72(t)(2)(E).  The term "individual retirement plan" is defined as an individual retirement account or individual retirement annuity (commonly referred to as IRAs).  Sec. 7701(a)(37).  Retirement plans qualified under section 403(b), as in this case, are not included in the definition of "individual retirement plan" under section 7701(a)(37).

Congress intended the exception of section 72(t)(2)(E) to apply only to distributions from "individual retirement plans"; i.e., IRAs, and not to all qualified retirement plans.  See secs. 4974(c)(4) and (5) and 7701(a)(37); Taxpayer Relief Act of 1997, Pub. L. 105-34, sec. 203(a), 111 Stat. 809.  This is evident in the report of the Committee on the Budget, which states:

> Penalty free IRA withdrawals for education expenses--The bill provides that individuals may make penalty-free withdrawals from their IRAs to pay for the undergraduate and graduate higher education expenses of themselves, their spouses, their children and grandchildren or the children or grandchildren of their spouses. [Emphasis added.]

H. Rept. 105-148, at 288-289 (1997), 1997-4 C.B. (Vol. 1) 319, 610-611. The report of the Committee on the Budget specifically provides that only withdrawals from IRAs that are used for higher education expenses will qualify as withdrawals excepted from the 10-percent additional tax. Id. No other types of qualified plans are provided this exemption from the section 72(t) additional tax.

As noted earlier, the parties stipulated that the school system plan in which petitioner participated was a section 403(b) plan. The plan, therefore, was not an individual retirement plan. Petitioner, therefore, was not the beneficiary of an individual retirement plan under section 7701(a)(37), which defines an individual retirement plan as an individual retirement account under section 408(a) or an individual retirement annuity under section 408(b). The school system plan in which petitioner participated was not a section 408(a) or (b) plan but a section 403(b) plan. A section 403(b) plan (such as the school system plan) is altogether different from a section 408(a) or (b) plan. In short, petitioner's claim that the withdrawal at issue was excluded from the 10-percent additional tax is incorrect. The section 72(t)(2)(E) exclusion from the additional tax does not apply to section 403(b) withdrawals.

In Uscinski v. Commissioner, T.C. Memo. 2005-124, this Court stated that the 10-percent additional tax on early distributions

from qualified plans (used for higher education purposes) applies only as to early distributions from an individual retirement account or an individual retirement annuity, collectively referred to as IRAs, as described in section 408(a) or (b). The school system plan in which petitioner participated was not an IRA; therefore, the early withdrawals from that plan, even if used for higher education expenses, are not excluded from the section 72(t) additional tax.[3]

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered</u>

<u>for respondent.</u>

---

[3]Because the Court holds that the withdrawal by petitioner, as a matter of law, was not subject to the exemption from the sec. 72(t) additional tax, the Court need not decide whether the evidence presented at trial established that the funds withdrawn from the pension plan were in fact used for higher educational expenses.