T.C. Memo. 2014-48

UNITED STATES TAX COURT

JENNIFER LYNN FIELDS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 28701-12.                    Filed March 19, 2014.

Jennifer Lynn Fields, pro se.

<u>William R. Brown, Jr.</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

VASQUEZ, <u>Judge</u>:  Respondent determined a deficiency of $738 in

petitioner's Federal income tax for 2010.[1]  The sole issue for decision is whether

_____

[1]Amounts are rounded to the nearest dollar.

**[\*2]** petitioner is liable for a 10% additional tax pursuant to section 72(t)(1) with respect to an early distribution from a qualified retirement plan.[2]

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time the petition was filed, petitioner resided in Florida.

In 2010 petitioner was employed by Redland Christian M. Associates (Redland) and Storybook Cottage, Inc. (Storybook). Redland and Storybook paid petitioner wages of $13,136 and $7,405, respectively. Petitioner also received $2,332 in unemployment compensation from the State of Florida and $47 in interest income.

Petitioner had been employed by Wal-Mart sometime before 2010 and had elected to participate in Wal-Mart's section 401(k) retirement plan during the course of her employment. In 2010 petitioner received a $7,383 distribution from her retirement plan (distribution). The distribution represented the full amount of petitioner's account balance under the plan and liquidated the account.

---

[2]Unless otherwise indicated, all section references are to the Internal Revenue Code for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

**[*3]** Petitioner requested that all required taxes be withheld from the distribution. Twenty percent of the distribution, or $1,477, was withheld at the source, and petitioner received a net distribution of $5,906.

At the time of the distribution, petitioner had not reached the age of 59-1/2. The record does not reflect why petitioner chose to withdraw the $7,383 from her retirement plan during 2010. However, petitioner admits that the distribution was not used to pay medical expenses, health insurance premiums, or expenses attributable to a disability, or to make a first home purchase.

Petitioner prepared her own Form 1040, U.S. Individual Income Tax Return, for 2010. On line 7, Wages, salaries, tips, etc., of her Form 1040 petitioner reported $27,971, which comprises the wages she received from Redland and Storybook, the interest income, and the distribution from her retirement plan. Petitioner did not report any amount on line 58, Additional tax on IRA's, other qualified retirement plans, etc. Petitioner reported total tax of $2,728.

Petitioner claimed a $400 making work pay credit under section 36A(a) and reported $2,967 in Federal income tax withholding on line 61, Federal income tax withheld from Forms W-2 and 1099. The $2,967 of withholding consisted of the amounts withheld by Redland, Storybook, and the State of Florida, as well as the

[*4] $1,477 that was withheld from the distribution. Petitioner claimed a refund of $639 for 2010.

OPINION

Section 72(t)(1) imposes a 10% additional tax on the taxable amount of an early distribution from a qualified retirement plan (as defined in section 4974(c)). The term "qualified retirement plan" includes a section 401(k) plan. Uscinski v. Commissioner, T.C. Memo. 2005-124, slip op. at 6; see also secs. 72(t)(1), 401(a), (k)(1), 4974(c)(1). A distribution is early if it is made before the recipient attains the age of 59-1/2. Sec. 72(t)(2)(A)(i). However, the 10% additional tax does not apply to certain distributions. Section 72(t)(2) excepts a qualified retirement plan distribution from the 10% additional tax if the distribution is, among other exceptions, attributable to the taxpayer's disability, made for the payment of certain medical expenses or health insurance premiums or used for a first home purchase. Sec. 72(t)(2)(A), (B), (D), (F).

Generally, the taxpayer has the burden of proving his or her entitlement to any of these exceptions. See Rule 142(a). Because petitioner was not 59-1/2 years old at any time during 2010, the distribution from her retirement plan is considered an early distribution for purposes of section 72(t). Moreover, petitioner admits that she did not withdraw the $7,383 from her retirement plan to

**[*5]** pay medical expenses, health insurance premiums, or to make a first home purchase. Petitioner also admits that she was not disabled during the year in issue. There is no evidence in the record that petitioner used the $7,383 for the payment of any other expense that would allow her to avoid the 10% additional tax. Thus, the withdrawal does not fit within any of the statutory exceptions.

Petitioner argues that she should not be required to pay any additional tax because she asked that all taxes be withheld at the time of the distribution. Despite her good intentions, petitioner should have reported a 10% additional tax on the distribution on line 58 of her return. Petitioner's failure to do so caused her to improperly claim a $639 refund.

While we are sympathetic to petitioner's plight, we find that she is liable for the 10% additional tax on the distribution under section 72(t)(1). Accordingly, respondent's determination is sustained.

To reflect the foregoing,

<u>Decision will be entered for</u>

<u>respondent</u>.