T.C. Summary Opinion 2015-60

UNITED STATES TAX COURT

CHERYL LYNN IRELAND, Petitioner v. COMMISSIONER OF
INTERNAL REVENUE, Respondent

Docket No. 5649-14S.                          Filed October 1, 2015.

Cheryl Lynn Ireland, pro se.

Michael E. D'Anello and Janet F. Appel, for respondent.

SUMMARY OPINION

GUY, Special Trial Judge:  This case was heard pursuant to the provisions

of section 7463 of the Internal Revenue Code in effect when the petition was

filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by

---

[1]Unless otherwise indicated, section references are to the Internal Revenue
(continued...)

any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency of $1,324 in petitioner's Federal income tax for 2011 (year in issue). Petitioner filed a timely petition for redetermination with the Court pursuant to section 6213(a). At the time the petition was filed, petitioner resided in Maine.

This case was submitted fully stipulated under Rule 122. The stipulation of facts and the accompanying exhibits are incorporated herein by this reference. The issues for decision are whether petitioner is liable for (1) Federal income tax on an unreported distribution from her individual retirement account (IRA) and (2) the 10% additional tax on early distributions prescribed in section 72(t).

## Background

In 2011 petitioner was 47 years old. She was employed at a hospital that year and earned wages of $33,866. The hospital withheld Federal income tax of $3,465 from petitioner's pay.

---

[1](...continued)
Code (Code), as amended and in effect for 2011, and Rule references are to the Tax Court Rules of Practice and Procedure. Monetary amounts are rounded to the nearest dollar.

In 2011 petitioner also received a distribution of $5,294 from an IRA that she maintained at TD Bank. The bank, which reported the distribution on Form 1099-R, Distributions from Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc., withheld Federal income tax of $529 from the distribution.

Petitioner timely filed a Form 1040, U.S. Individual Income Tax Return, for 2011, electing head of household filing status and claiming a personal exemption deduction for herself and a single dependency exemption deduction for her daughter. Although she included the wages that she earned in 2011 in gross income and claimed a credit for the income tax that the hospital withheld from her pay, she did not report the IRA distribution that she received from TD Bank (or the related income tax withholding).

## Discussion

The Commissioner's determination of a taxpayer's liability in a notice of deficiency normally is presumed correct, and the taxpayer bears the burden of proving that the determination is incorrect. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Petitioner does not contend, and the record does not

establish, that the burden of proof shifts to respondent under section 7491(a) as to any issue of fact.[2]

Section 61(a) provides that "gross income means all income from whatever source derived". Distributions from a qualified retirement plan[3] normally constitute gross income subject to Federal income tax. See secs. 61(a) and (b), 72(a)(1), (e), 408(d)(1); see also Arnold v. Commissioner, 111 T.C. 250, 253 (1998).

Section 408(d) provides several exceptions to the general rule that distributions from an IRA shall be included in gross income (e.g., for rollover contributions, transfers incident to divorce, and distributions for charitable purposes). See sec. 408(d)(3), (6), (8). There is no exception to the general rule, however, for medical expenses or ordinary living expenses.

---

[2]Sec. 6201(d) provides that the Internal Revenue Service in certain circumstances cannot rely on information returns alone to establish unreported income but "shall have the burden of producing reasonable and probative information" in addition thereto. This provision applies only where the taxpayer "asserts a reasonable dispute with respect to any item of income reported on an information return" and only if "the taxpayer has fully cooperated with the Secretary". Petitioner does not deny that she received a distribution from her IRA in the amount determined in the notice of deficiency.

[3]By definition a "qualified retirement plan" includes an IRA. See secs. 72(t)(1), 4974(c); Uscinski v. Commissioner, T.C. Memo. 2005-124.

Generally, if a taxpayer receives a distribution from a qualified retirement plan before attaining age 59-1/2, section 72(t) imposes an additional tax equal to 10% of the portion of the distribution which is includible in the taxpayer's gross income. Sec. 72(t)(1) and (2). The additional tax is intended to discourage taxpayers from taking premature distributions from retirement plans--actions that frustrate public policy encouraging saving for retirement. See Dwyer v. Commissioner, 106 T.C. 337, 340 (1996) (citing and discussing the legislative history underlying section 408(f), the statutory predecessor to section 72(t)); Milner v. Commissioner, T.C. Memo. 2004-111.

Section 72(t)(2)(B) provides an exception to the imposition of additional tax to the extent that retirement plan distributions "do not exceed the amount allowable as a deduction under section 213 to the employee for amounts paid during the taxable year for medical care (determined without regard to whether the employee itemizes deductions for such taxable year)." Section 213 in turn allows as a deduction "the expenses paid during the taxable year, not compensated for by insurance or otherwise, for medical care of the taxpayer, his spouse, or a dependent (as defined in section 152, determined without regard to subsections

(b)(1), (b)(2), and (d)(1)(B) thereof), to the extent that such expenses exceed 7.5 percent of adjusted gross income."[4]

Although petitioner does not dispute that she received a premature distribution from her IRA in 2011, she maintains that her accountant informed her that there was no need to include the distribution in taxable income because she used the funds to pay her son's medical expenses. As discussed above, there is no exception in the Code that would permit petitioner to exclude the IRA distribution from her taxable income because it was used to pay her son's medical expenses.

Likewise, section 72(t)(2)(B) limits the imposition of additional tax to the extent that retirement plan distributions do not exceed the amount allowable as a deduction under section 213 (i.e., "the expenses paid during the taxable year, not compensated for by insurance or otherwise, for medical care of the taxpayer, his spouse, or a dependent (as defined in section 152 * * *)"). The record reflects that petitioner did not claim her son as a dependent for the year in issue and fails to demonstrate that her son met the definition of a dependent provided in section 152. Consequently, we conclude that petitioner is not eligible for the exception

---

[4]For taxable years beginning after December 31, 2012, sec. 213(a) provides that eligible medical expenses may be deducted to the extent they exceed 10% of adjusted gross income. See Patient Protection and Affordable Care Act, Pub. L. No. 111-148, sec. 9013(a), 124 Stat. at 868.

under section 72(t)(2)(B)--even assuming that she used the funds in question to pay her son's medical expenses.

Petitioner's alleged reliance on the mistaken advice of her accountant does not excuse her from the obligation to include the IRA distribution in her taxable income for the year in issue or to pay the appropriate amount of Federal income tax and additional tax related thereto. See United States v. Boyle, 469 U.S. 241, 252 (1985); De Aycardi v. Commissioner, T.C. Memo. 1997-308, slip op. at 7-8 ("Reasonable reliance on an agent may constitute a possible defense to penalties but not to the underlying tax [liability].").

Petitioner maintains that it would be inequitable to hold her liable for the additional tax due. We have considered similar claims in the past and have observed that there is no authority in the Code, the legislative history, or caselaw for a general financial hardship exception to the imposition of the 10% additional tax on early distributions. See Arnold v. Commissioner, 111 T.C. at 255; Dollander v. Commissioner, T.C. Memo. 2009-187; Milner v. Commissioner, T.C. Memo. 2004-111. While we are sympathetic to petitioner's position, the Court may not add an exception to the Code by judicial fiat, and we are obliged to apply the law as written. See Iselin v. United States, 270 U.S. 245, 250-251 (1926). Consequently, respondent's determinations in this case are sustained.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.