# United States Tax Court

T.C. Summary Opinion 2023-13

MAGDY A. GHALY AND LAILA RYAD,
Petitioners

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————————

Docket No. 27901-21S.                    Filed April 3, 2023.

————————

Magdy A. Ghaly and Laila Ryad, pro se.

*Ryan J. Lonergan* and *Thomas A. Deamus*, for respondent.

## SUMMARY OPINION

CHOI, *Special Trial Judge*: This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the Petition was filed.[1] Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this Opinion shall not be treated as precedent for any other case.

In a notice of deficiency dated June 14, 2021, the Internal Revenue Service (respondent) determined a deficiency in petitioners' federal income tax of $38,213 and a section 6662(a) accuracy-related penalty of $4,797 for taxable year 2018.

---

[1] Unless otherwise indicated, all statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

After concessions,[2] the issues for decision are

1. whether petitioners' gross income includes unreported retirement income of $115,325 paid to Magdy Ghaly during 2018; and

2. whether petitioners are liable for the 10% additional tax on premature distributions of $11,533 from a qualified retirement plan.

*Background*

The facts have been fully stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated by this reference. Petitioners were residents of New York when they timely filed the Petition.

In 2018 Mr. Ghaly submitted a withdrawal request for $71,147 to his retirement company, Great-West Trust Co., LLC (Great-West), which Great-West processed on May 11, 2018. Great-West, therefore, issued a 2018 Form 1099–R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc., to Mr. Ghaly, indicating a distribution of $71,147 and withholding of $14,229. This same year, Mr. Ghaly defaulted on a loan he had taken from his Great-West retirement account in 2015, resulting in Great-West's issuing Mr. Ghaly a second 2018 Form 1099–R indicating a distribution of $44,178, the balance remaining on the loan. Mr. Ghaly had not attained the age of 59½ at the time of these distributions.

Mr. Ghaly withdrew funds from his retirement account in 2018 to provide for his family while he was laid off from work, including to pay for surgery for his son. He was laid off from work in 2018 and thereafter defaulted on the loan he had taken from his retirement account in 2015. Mr. Ghaly did not dispute that he received the funds from his retirement account nor that he received the funds in the amounts respondent alleged. Instead, in order to restore the distributions from his retirement account in 2018, Mr. Ghaly opened two new retirement accounts in 2020 and made the maximum contribution allowed for each account.

---

[2] Respondent conceded the section 6662(a) substantial understatement penalty in a status report filed November 9, 2022, in response to the Court's October 13, 2022, Order.

*Discussion*

I.     *Burden of Proof*

Generally, the Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayer bears the burden of proving that the Commissioner's determinations are erroneous. *See* Rule 142(a); *Welch v. Helvering*, 290 U.S. 111, 115 (1933). However, in unreported income cases, the Commissioner must establish an evidentiary foundation connecting the taxpayer with the income-producing activity or otherwise demonstrate that the taxpayer actually received income. *See Llorente v. Commissioner*, 649 F.2d 152, 156 (2d Cir. 1981), *aff'g in part, rev'g and remanding in part* 74 T.C. 260 (1980). The presumption of correctness for the Commissioner's determinations does not apply if the notice of deficiency is unsupported by any significant evidence. *Schaffer v. Commissioner*, 779 F.2d 849, 858 (2d Cir. 1985), *aff'g in part, remanding in part Mandina v. Commissioner*, T.C. Memo. 1982-34. Once the Commissioner makes the required threshold showing, the burden shifts to the taxpayer to prove by a preponderance of the evidence that the Commissioner's determination is arbitrary or erroneous. *See Williams v. Commissioner*, 999 F.2d 760, 763 (4th Cir. 1993), *aff'g* T.C. Memo. 1992-153. The record shows, and Mr. Ghaly admitted, that in 2018 Great-West distributed funds from his retirement account and he defaulted on the 2015 loan, generating a deemed distribution. Consequently, the presumption of correctness attaches to respondent's notice of deficiency, and petitioners bear the burden of proving that the determination is incorrect.[3]

II.    *Unreported Income*

Section 61(a) provides that "gross income means all income from whatever source derived." Gross income includes, but is not limited to, items such as compensation, annuities, income from life insurance and endowment contracts, and pensions. § 61(a)(1), (8), (9), (10).

---

[3] The parties did not address whether section 6201(d) applies to this case. Under section 6201(d), if a taxpayer asserts a reasonable dispute with respect to an item of income reported on an information return filed by a third party and the taxpayer meets certain other requirements, the Commissioner bears the burden of producing reasonable and probative evidence, in addition to the information return, concerning the deficiency attributable to the income item. Assuming arguendo that respondent bears the burden of production under section 6201(d), we find that respondent has satisfied it.

Section 402(a) provides the general rule that "any amount actually distributed to any distributee by any employees' trust described in section 401(a) which is exempt from tax under section 501(a) shall be taxable to the distributee, in the taxable year of the distributee in which distributed, under section 72 (relating to annuities)." An amount distributed as a loan is not taxable when distributed if the loan meets certain requirements but will become taxable as soon as the loan fails to satisfy any of the requirements and will be deemed a distribution. *See* § 72(p); *Owusu v. Commissioner*, T.C. Memo. 2010-186, 2010 WL 3322502, at \*3–4. Mr. Ghaly does not dispute that his retirement plan trust was a qualified trust under section 401(a). Thus, subject to certain exceptions, *see, e.g.*, § 402(c)(1) (excluding certain "rollover" distributions from income), any amount actually distributed to petitioners normally would be subject to federal income tax pursuant to section 72, *see* § 402(a).

Mr. Ghaly requested the withdrawal resulting in the $71,147 distribution from his Great-West retirement account. Mr. Ghaly also defaulted on the outstanding loan from his Great-West retirement account, which resulted in a deemed distribution of $44,178. He has neither argued nor established the applicability of an exception to the taxability of either the distribution or the deemed distribution. Instead, he asserts that in 2020 he opened two new retirement accounts and deposited funds in them to replace those he withdrew from his Great-West retirement account, which is not sufficient to show that the distributions he received in 2018 are not included in gross income. Respondent properly included the distributions in petitioners' gross income.

III.    *Additional Tax Under Section 72(t)*

Section 72(t)(1) imposes a 10% additional tax on the taxable amount of an early distribution from a qualified retirement plan (as defined in section 4974(c)) unless certain enumerated exceptions apply under section 72(t)(2). The term "qualified retirement plan" includes a section 401(k) plan and an ESOP. *Uscinski v. Commissioner*, T.C. Memo. 2005-124, 2005 WL 1231826, at \*2; *see also* §§ 72(t)(1), 401(a), (k)(1), 4974(c)(1), 4975(e)(7). A distribution is early if it is made before the recipient attains the age of 59½. § 72(t)(2)(A)(i). However, the 10% additional tax does not apply to certain distributions, such as those attributable to the taxpayer's disability or made for the payment of certain medical expenses. *See* § 72(t)(2)(A) and (B). Generally, the taxpayer has the burden of proving his or her entitlement to any of these

exceptions. *See* Rule 142(a); *El v. Commissioner*, 144 T.C. 140, 148–49 (2015).

Mr. Ghaly was not 59½ years old when he received either of the distributions in 2018. The distribution and deemed distribution from his retirement plan are considered early distributions for purposes of section 72(t) unless an exception applies. Mr. Ghaly testified during trial that he used the distributions to repay loans he had taken from family for his education expenses, medical expenses of $34,000 for his son's surgery, and property taxes. During trial he produced a medical bill from Luis Zapaich, M.D., for $34,077, but no evidence that he had paid it.[4] He also produced bank statements showing four payments to Columbia University in 2013 and 2014, each approximately $6,000, but no evidence that he had borrowed these funds from relatives or that he repaid them in 2018. Finally, Mr. Ghaly produced documents showing he paid $6,238 in property taxes in 2018, which is irrelevant.[5] We find that petitioners did not use the funds from the distributions in 2018 to pay any expense that would allow them to avoid the 10% additional tax on early withdrawal. The withdrawal does not fit within any of the statutory exceptions, and the entire distribution is subject to the 10% additional tax.

We have considered all of the arguments made by the parties, and to the extent they are not addressed herein, we find them to be moot, irrelevant, or without merit.

To reflect the foregoing,

*Decision will be entered for respondent as to the deficiency and for petitioners as to the accuracy-related penalty under section 6662(a).*

---

[4] The invoice is dated December 19, 2018, and shows that the entire $34,077 balance was outstanding at that time. Mr. Ghaly did not produce receipts, bank statements, canceled checks, or any other proof of paying the $34,077.

In addition to the medical bill for $34,077, Mr. Ghaly produced various other medical bills, some for Laila Ryad and Adam Ghaly, which show petitioners made copayments of $10 to $25 for medical visits in 2018. He also produced a letter from a law firm showing that he entered into a payment plan for an outstanding Hackensack University Medical Center medical bill, which showed that petitioners had made a $195 payment toward the bill.

[5] The Internal Revenue Code provides a deduction for taxes paid on real property, but not an exception to the 10% penalty on early withdrawal for taxes paid on real property. *See* §§ 164, 72(t).